CRAMER, receiver &c. *vs.* BLOOD.

In this case, reported *ante p.* 155, at the end of the referee's findings of facts, (p. 162,) the following additional facts, found by him, should have been inserted, but were accidentally omitted. As they are perhaps necessary to a proper understanding of the case, they are here given.

In addition to the facts found by the referee and stated in his report, he also found the following:

1st. That the money advanced by Mrs. Lowd to the defendant, as stated in the referee's report, and for a portion of which judgment has been directed against the defendant, was delivered to the defendant without the knowledge or consent of William A. Lowd, the judgment debtor, at the time, and without any fraud, or intent to defraud, on his part, either his creditors or any one else, at the time the defendant received it.

2d. That after the same was so paid over to the defendant by Mrs. Lowd, and before the recovery of said judgment in favor of Smith against Lowd, the said William A. Lowd and the defendant had a looking over of their accounts, and settled the same between them, so as settle and discharge, as between themselves, all claim of the judgment debtor, Lowd, upon the defendant, for said money, and every part thereof.

3d. That the signing of the Mancius lease by the defendant, as security for Lowd, was done at the request of Lowd, and the payment of $100 thereon by the defendant was also made on the like request of Lowd, and long before the recovery by Smith of his judgment against Lowd; and such payment, as between the said William A. Lowd and the defendant, operated to pay and discharge, as between themselves, to the amount of $100, the claim of the said William A. Lowd against the said defendant, for money received by him of Mrs. Lowd.

4th. That the property sold and money advanced by

Cramer *v*. Blood.

the defendant to the said William A. Lowd, mentioned in the report of the referee, and amounting to $29.60, was all advanced by the defendant and received by the said Lowd, with the intent and upon the understanding of both, that the same was to apply on the claim of the said Lowd against the defendant, for any money owing by the defendant to the said Lowd, and as between themselves the same did so apply, long before the recovery of the said judgment by Smith against Lowd, mentioned in said report.